AO 91 (Rev. 8/01) Criminal Complaint

United States Courts
Southern District of Texas
FILED

NOV 14 2012

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT

Southern _____ DISTRICT OF _____ Texas _____

UNITED STATES OF AMERICA

Ted W. SPARKS

CRIMINAL COMPLAINT

Case Number: C-12-1205m

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief On or about  November 9, 2012  in  Nueces  County, in the  Southern  District of  Texas  defendant(s) did,

*(Track Statutory Language of Offense)*
used a facility of interstate commerce to attempt to knowingly persuade, induce, and entice an individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense under federal, state, and local law violation, a violation of Title 18 United States Code, Section 2422(b).

in violation of Title  18  United States Code, Section(s)  2422 (b)

I further state that I am a(n)  Special Agent  and that this complaint is based on the
                                 Official Title
following facts:

See attached affidavit

Continued on the attached sheet and made a part of this complaint:  Yes [X]  No [ ]

Signature of Complainant

Brian A. Johnson
Printed Name of Complainant

Sworn to before me and signed in my presence,

November 14, 2012                    at  Corpus Christi, Texas
Date                                      City and State

Brian L. Owsley, United States Magistrate Judge
Name and Title of Judicial Officer        Signature of Judicial Officer

# AFFIDAVIT

I, Brian Johnson, being duly sworn, depose and say:

**A.   Introduction and Agent Background:**

1.   I make this affidavit in support of a criminal complaint alleging Ted W. SPARKS used a facility of interstate commerce to attempt to knowingly persuade, induce, and entice an individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense under federal, state, and local law violation, a violation of Title 18 United States Code, Section 2422(b).

2.   I am a Special Agent employed by the United States Department of Homeland Security, currently assigned to Corpus Christi, Texas. I have been a Special Agent employed by DHS since August of 2006. I am charged with the duty of investigating violations of the laws of the United States, including but not limited to violations of Title 18 USC 2422(b).

**B.   Facts and Circumstances:**

3.   The statements in this affidavit are based upon my investigation, information provided to your Affiant by Corpus Christi Police Department/Criminal Intelligence Unit, other law enforcement officers, public sources and business records, and my experience and background as a Special Agent.

**C.   Statutory Authority:**

4.   This investigation concerns alleged violations of Title 18, United States Code, Section 2422 (b), which prohibits a person from using a facility of interstate commerce to attempt to knowingly persuade, induce, and entice an individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.

**D.   Background Regarding Child Exploitation, Cellular Telephones, and Computers:**

1

5. From both training and experience, the Affiant has gained knowledge in the operation of computers, the Internet, and cellular phones with access to the internet. Based upon the training and experience of the Affiant, as well as the training, knowledge, and experience of other law enforcement personnel involved in this investigation, the Affiant knows the following:

    a. The Internet is a worldwide computer network which connects computers and allows communications and the transfer of data and information across state and national boundaries.

    b. Individuals who use the internet can communicate with each other through the use of instant messaging; "chatting" platforms. This is another form of electronic communication between individuals, in a real time format. When two individuals instant message each other; they use a graphical user interface program that allows one person to initiate contact with the other. This action opens up an instant messaging session. The two individuals can then exchange type written messages back and forth with one another, which displays the graphic to the other user while "chatting". An example of this type of program/platform is Yahoo Instant Messenger.

    c. Individuals who use the internet can also communicate with each other through the use of social networking websites. Many social networking websites have the capability to allow individuals to communicate with each other via instant messaging and chat rooms. Some social networking sites are specifically designed for use on a mobile device. These mobile social networks can incorporate programs to detect a user's location. An example of a social networking website is Facebook.

    d. E-mail and Instant Messaging platforms and social networking sites identify each user through a unique user account name, a "screen name," that uniquely identifies the specific user on the platform.

    e. E-mail, Instant Messaging, Chat, and Social Networking Site users have the ability to set up a user profile page within their specific platform (example: Moco Space) where they can enter information about themselves that they want displayed to other users. The information contained within this is called a "profile".

    f. A user can access the Internet from a computer network or Internet Service Provider (ISP) that connects to the Internet. An ISP assigns each user an Internet

Protocol (IP) address. Each IP address is unique to the specific user/computer at the point in time on the internet so the computer can send and receive data/information. Utilizing the IP address and unique user account screen name of an individual communicating on the internet, it is possible for an investigator to establish investigative leads to assist in identifying an individual/computer on the internet.

E.  **Probable Cause and Supporting Determination:**

6. On October 30, 2012, Corpus Christi Police Officers assigned working at Flour Bluff Junior High School located in Corpus Christi, Texas were advised of an incident by an assistant principal involving a 13-year-old student who will be referred to as "Jane Doe." The assistant principal reported Doe's mother was concerned that Doe was chatting with an adult male via the website *Facebook* later identified as Ted W. SPARKS (born in 1987). Doe's mother believed the contents of the chats were inappropriate and was concerned that SPARKS was seeking a sexual encounter with her daughter.

7. On November 9, 2012, detectives assigned to the Internet Crimes Against Children Task force in Corpus Christi, Texas contacted Doe's mother and received consent to log on to Doe's *Facebook* account to preserve records of the chats between Doe and SPARKS. I have reviewed these chats, and based on my training and experience in child exploitation investigations, it appears SPARKS was utilizing grooming techniques to entice Doe into a sexual relationship. During the chat session, Doe told SPARKS more than once that she was 13-years-old. SPARKS even acknowledge Doe's age and replied, "Are u really 13?" SPARKS later said to Doe, "Its still hard to believe ur 13," and told Doe she looked "18 or 19." SPARKS also told Doe she looked "beautiful" and suggested to Doe he would "...join u for the movie." SPARKS later told Doe she was "sexy."

8. Based on SPARKS' previous chats with Doe, detectives believed SPARKS was attempting to use *Facebook* to contact and entice underage females to engage in sexual activity. On November 9, 2012, detectives assigned to the Internet Crimes Against Children Task Force utilized an undercover *Facebook* account to contact and chat with SPARKS under the assumed identity of a 14-year-old female known as

3

*Lisa Culligan.* (*Lisa Culligan* is not an actual person and is only utilized for undercover purposes). I have reviewed these chats and learned the following: Culligan told SPARKS she was a 14-year-old female on multiple occasions during the chat session. SPARKS acknowledged by saying "Oh shit ur 14 I just I saw that lol and I just trun 25." SPARKS repeatedly told Culligan she was "beautiful" and told her "I'm not worry about the age sweetie." SPARKS later told Culligan he has been "…single for 2 years." SPARKS also asked if Culligan had ever had sex and indicated he wanted to "hang out." During the course of the chat, SPARKS initiated sexual conversation and described sexual acts saying "Well first we kiss then I start taking u shirt off and sucking on ur tits moving my hand to ur pants running us And rhen u take my pants off and start sucking my dick getting hard." SPARKS also told Culligan he would "Eat ur pussy," and "Put my dick in ur pussy and ride u." SPARKS sent Culligan a photo of himself naked and made arrangements to meet Culligan at South Bay Park in Corpus Christi, Texas for sex. At approximately 5:30pm, SPARKS arrived at the park and was arrested by law enforcement officers.

**E.     Conclusion:**

9.     In consideration of the foregoing, I believe probable cause exists to believe Ted W. SPARKS used a facility of interstate commerce to attempt to knowingly persuade, induce, and entice an individual who has not attained the age of 18 years of age to engage in any sexual activity for which any person can be charged with a criminal offense, to wit a violation of Texas Penal Code Section 22.011, in violation of Title 18, United States Code, Section 2422 (b).

4

C-12-1205M

_____
Brian A. Johnson
Special Agent
Homeland Security Investigations


SUBSCRIBED and SWORN
before me this 14th day of November, 2012

_____
Brian L. Owsley
United States Magistrate Judge

5